IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. GLENN, JR., | : Civil No. 1:24-CV-1111 |
| Plaintiff | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| LELAND DUDEK, Acting Commissioner of Social Security,[1] | : |
| Defendant | : |

MEMORANDUM OPINION

I.  Introduction

James E. Glenn, Jr., filed a Title II application for a period of disability and disability insurance benefits on September 15, 2021. (Doc. 10 at 5). Following an initial hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Glenn was disabled from his alleged onset date of disability of November 8, 2018, through February 25, 2020, when Glenn was no longer disabled by virtue of medical improvement.

---

[1] Leland Dudek became the acting Commissioner of Social Security on February 19, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Leland Dudek is substituted as the defendant in this suit.

1

(Tr. 7). However, the Social Security Appeals Council ("AC") found that the ALJ had made an error of law by permitting an award to Glenn when his application came more than 12 months after he became disabled, and that the only basis for extending that window—a showing that Glenn was unable to apply during that period—was absent from the record. (Tr. 8). After a sixty-day review period, wherein Glenn was invited to present testimony or evidence but elected not to do so, the AC entered their final judgment denying benefits. (*Id.*).

Glenn now appeals this decision, arguing that the AC was required to remand to the ALJ to develop the record. (Doc. 9 at 7-8). After a review of the record, we conclude the AC's process here was proper and there is no basis for a remand. Accordingly, we will affirm the decision of the Commissioner denying this claim.

## II.   Statement of Facts and of the Case

We note that the basis of Glenn's appeal is purely procedural and does not rely on facts related to his physical or mental health, nor the evidence relied on in the ALJ's or AC's decision. Therefore, we will forego

the usual recitation of those records and limit our factual background to the procedural history of Glenn's disability application.

On September 15, 2021, Glenn applied for disability and disability insurance benefits. (Doc. 10 at 5). The application was denied on December 13, 2021, and denied again on reconsideration on March 29, 2022. (*Id.*). On April 30, 2022, Glenn appealed that decision and requested a hearing. (*Id.*). Glenn appeared before ALJ Sharon Zanotto on September 23, 2022, and at the conclusion of that hearing, ALJ Zanotto indicated she would award Glenn disability for a closed period of time, pending his production of evidence to support disability during that period. (*Id.*). Glenn filed a Physical Residual Function Capacity Assessment on or about February 21, 2023. (*Id.* at 6).

For reasons unclear on this record, ALJ Zanotto never issued that decision, and the case was instead assigned to another ALJ for rehearing. (*Id.*). That hearing resulted in a "full favorable decision" on February 23, 2024, finding that Glenn was entitled to benefits for the closed period from November 8, 2018, through February 25, 2020. (*Id.*).

3

On April 12, 2024, the AC sent notice to Glenn that they were reviewing the ALJ's decision in this matter. (Doc. 10 at 6). That notice also informed Glenn of the substance of the AC's review, his rights to present more information and to appear before the AC, and that failure to contact the AC within 30 days would result in a presumption by the AC that Glenn did not wish to present evidence or testimony. (Tr. 167-71). The record also indicates that Glenn's counsel received this notice. (Tr. 171).

On June 14, 2024, the AC entered their final decision in this matter, reversing Glenn's application and award of benefits. (Tr. 4, 8). The AC explained that reversal was required because Glenn's application was filed more than twelve months after his disabling event, and the record was bereft of any evidence indicating he was unable to apply during that time. (Tr. 5-6); *See also* 20 CFR § 404.621(c) (establishing the 12-month statute of limitations); 20 CFR § 404.322 (statute of limitations can be extended to 36 months by a showing that the claimant was mentally or physically incapable of filing the claim within twelve months).

4

On July 7, 2024, Glenn filed the instant appeal of the AC's decision denying benefits. (Doc. 1). That appeal is now fully briefed and ripe for resolution. (Docs. 10, 12). On appeal, Glenn challenges the adequacy of the AC's decision, arguing that the AC had an obligation to develop the record that could only be discharged by remanding to the ALJ for that development. (Doc. 10 at 7-8).

As discussed in greater detail below, having considered the arguments of counsel and carefully reviewed the record, we conclude that the AC's decision should be affirmed.

## III. Discussion

### A. Review of an Appeals Council Decision

The federal courts are empowered to review "any final decision of the Commissioner," to ensure the decision is supported by "substantial evidence." 42 U.S.C. § 405(g). While the typical appeal of the Commissioner's final decision is an appeal of an ALJ's decision which was confirmed by the AC, that is not always the case. The AC may, upon motion from either party or, as here, *sua sponte*, decide to review an ALJ's decision. 20 C.F.R. § 404.987. Where the AC changes the decision

made by the ALJ, that decision becomes the final decision and is subject to the same "substantial evidence" standard of review that typically applies to an ALJ's decision. *Welch v. Heckler*, 808 F.2d 264, 266-67 (3d Cir. 1986). There are four grounds on which the AC "will" undertake such review:

> The Appeals Council will review a case if—
> (1) There appears to be an abuse of discretion by the administrative law judge;
> (2) There is an error of law;
> (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or
> (4) There is a broad policy or procedural issue that may affect the general public interest.

20. C.F.R. § 404.970(a).

This list identifies the situations in which the AC has no discretion and must hear the appeal. But precedent is clear that this list identifies only the obligatory grounds where the AC must reconsider an ALJ's decision, and that 20 C.F.R. § 404.969 "provides the Appeals Council with the authority to review any ALJ decision for any reason [.]" *Welch*, 808 F.2d at 267.

The Supreme Court has acknowledged that § 405(g) contains a sixty-day statute of limitations for a petitioner to challenge any final

6

decision. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). While the AC is permitted to initiate review of an ALJ decision *sua sponte*, the same sixty-day restriction applies, and the AC is obligated to give notice to all parties of its intent to review. 20 C.F.R. § 404.969.

### B. This Case Will Be Affirmed.

Glenn argues that the AC had a responsibility to "properly develop the record" before reaching its decision. (Doc. 10 at 7). Glenn argues remand was necessary to determine if Glenn's failure to file his application in twelve months should be forgiven due to an inability to file during that period. (*Id.*). Glenn cites to no law, statute, or other authority for the proposition that the AC was required to remand to complete that task, instead stating in a conclusory manner that the AC "should have" done so. (*Id.*).

The Commissioner replies that Glenn was notified of the AC's intent to review the ALJ's decision and was invited to make additional submissions of evidence or argument. (Doc. 12 at 10-11). The AC sent notice to Glenn on April 12, 2024. (Tr. 167-71). The AC published their

7

final decision on June 14, 2024 (Tr. 8), meaning Glenn received notice more than 60 days in advance, as required by 20 C.F.R. § 404.969.

Glenn does not dispute that he was given notice and an opportunity to be heard. Instead, he argues that a remand is necessary because "there was no testimony as to why Plaintiff filed his application at the time that he did [.]" (Doc. 10 at 8). However, it is clear from the record that Glenn was invited to participate in this process within the proper statutory timeline. (Tr. 164). Glenn was represented by counsel and does not dispute that he received notice of his opportunity to be heard. (Doc. 10 at 6). The plaintiff failed to provide the AC with any argument or evidence indicating that his noncompliance with the filing requirements should be excused. Thus, to the extent that there was a failure to develop the record, it therefore lies not with the AC, but with Glenn. Accordingly, we conclude that the AC's decision is supported by substantial evidence and will affirm the final decision of the Commissioner.

IV. Conclusion

For the foregoing reasons, the decision of the Commissioner will be AFFIRMED.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: April 4, 2025